# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:

NOE REZA,

and

MARIA G. REZA,

                                           Debtors.

Chapter 13 Proceeding

Case No. 2:18-bk-08350-SHG

**STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN AND APPROVAL OF ATTORNEY FEES**

The First Amended Chapter 13 Plan ("Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Amended Plan of Debtors as follows:

(A)    **INCOME SUBMITTED TO THE PLAN**: Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income: Debtors shall make the following monthly Plan payments:

| Months | Payments |
|--------|----------|
| 1 – 3  | $ 790.00 |
| 4      | $     0.00 |
| 5 – 60 | $ 220.00 |

**Total Plan funding is $14,690.00**

The payments are due on or before the **15th day** of each month commencing **August 15, 2018.** Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan. **Any funding**

1

**shortfall must be cured before the plan is deemed complete.** This requirement is effective regardless of Plan payment suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

Debtors shall provide to the Trustee copies of Debtors' **federal** and **state** income tax returns for post-petition years **2018 – 2022,** within 14 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) **Other Property:** In the event that other property is submitted, it shall be treated as supplements to the Plan.

(B) **DURATION:** This Plan shall continue for **60** months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than **60** months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS:** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 of the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. Section 586 (e), then the Trustee will pay creditors in the following order:

(1) **Administrative Expenses:**

Attorney Fees: Martin J. Berkley shall be allowed total compensation of **$4,500.00**. The original fee (exclusive of costs) at the inception of the case was **$4,500.00**, of which Debtor paid **$1,500.00**, with a balance of **$3,000.00** to be paid by the Trustee through Debtor's payments under the Plan. *Debtor's counsel shall file a separate fee application for the balance of attorney fees to be paid under the Plan, and the Trustee shall not disburse any attorney fees upon confirmation until further order of Court.*

Said fee is a flat fee.

(2) **Claims Secured by Real Property:**

(a) **Home Point Financial Corp.,** secured by a first deed of trust in Debtors' residence (5510 S. 13th Way, Phoenix, AZ 85040), shall be paid the pre-petition arrearage of **$0.00,** with interest at **0%** per annum. Regular post-petition payments will be paid outside the Plan by Debtors to the secured creditor.

(3) **Claims Secured by Personal Property:**

(a) **Arizona Central Credit Union,** secured by a lien in a **2013 Dodge Journey,** shall be paid the sum of **$6,615.74,** with interest at **5.00%** per annum. The creditor will receive adequate protection payments of **$60.00** per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

2

*In re Reza, Noe and Maria*
Case no.: 2:18-bk-08350-SHG

(b) **Conn's Appliances, Inc. d/b/a Conn's Home Plus,** secured by a lien in a **Household Goods,** shall be paid the sum of **$500.00,** with interest at **5.25%** per annum. The balance of the claim shall be classified as an unsecured nonpriority claim.

(4) **Priority Claims:**

    (a) **The Department of the Treasury/Internal Revenue Service** has an unsecured priority claim for pre-petition income tax. This creditor will be paid **$262.47,** the total priority claim of through the plan with no interest.

    (b) **The Arizona Department of Revenue** has an unsecured priority claim for pre-petition income tax. The creditor will be paid **$300.62,** the total priority claim of through the plan with no interest.

(5) **Surrendered Property:**

    (a) Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distribution to that creditor. Debtors surrender the following property:

        1. Debtors' **2017 Jeep Patriot,** in which **Citizens Bank, N.A.** has a secured interest.

(6) **Other Provisions:**

    (a) **None.**

(7) **Unsecured Claims:** Claims allowance is determined by § 502 of the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING:** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

///

///

///

3

*In re Reza, Noe and Maria*
Case no.: 2:18-bk-08350-SHG

1

ORDER SIGNED ABOVE

2

**APPROVED AS TO FORM AND CONTENT:**

3

4

5

6

Aaron J. Berkley, AZ Bar #029575
Berkley Law Office

7

Attorney for Debtors

8

9

10

11

Edward J. Maney,
Chapter 13 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1 | Debtors certify: All required State and Federal income tax returns have been filed. No domestic
2 | support obligation is owed or, if owed, such payments are current since the filing of the Petition.

3

4

Noe Reza

5

6

7 | Maria G. Reza

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

*In re Reza*
Case no.: 2:18-bk-08350-SHG